IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARYL LEE SPARKS                                                                    PLAINTIFF

v.                                            CIVIL NO. 20-2210

KILOLO KIJAKAZI, Commissioner
Social Security Administration                                                      DEFENDANT

**ORDER**

Plaintiff, Caryl Lee Sparks, appealed the Commissioner's denial of benefits to this Court. On September 14, 2021, this Court issued a judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**1.   Background**

On November 18, 2021, Plaintiff filed a motion for award of $6,678.20 in attorney's fees and $21.15 in costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 27).  Defendant responded on November 19, 2021, evidencing its lack of objection to Plaintiff's Motion. (ECF No. 29).

**2.   Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.").  An EAJA application must be made within thirty

days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See*

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[1] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

**3.     Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration, (ECF No. 26), and Defendant concedes Plaintiff is the prevailing party. The Court finds that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff requests a total award in the amount of $6,699.35. In addition to reimbursement of postage expenses in the amount of $21.15, Plaintiff's request includes compensation for 5.6 hours of legal work during 2020 at the hourly rate of $203, and 26.9 hours of legal working during 2021 at the hourly rate of $206. Attorney rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $203 in 2020 and a rate of $206 for 2021 for legal work and those rates apply to Plaintiff's request.

Defendant has no objection to the hourly rates, the amount of fees or the expenses claimed by Plaintiff. The Court has completed its independent review of counsel's itemized statement and finds the fees sought were reasonably expended in obtaining Plaintiff's relief.

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.

Based on the foregoing, the undersigned will award Plaintiff an EAJA attorney's fees award for work performed by her counsel during 2020-2021 at the respective rates of $203 for legal work in 2020 (5.6 hours) and $206 for legal work in 2021 (26.9 hours). Plaintiff is also entitled to recover postage expenses of $21.15 for a total award of **$6,699.35**. **Plaintiff's award of fees and costs should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent a double recovery by counsel for Plaintiff.

IT IS SO ORDERED this 22nd day of November 2021.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE